UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALLEN JAMES STARKS,

    Petitioner,

v.   Case No. 5:12-cv-305-Oc-30PRL

WARDEN, FCC COLEMAN- USP I,

    Respondent.
_____/

## ORDER DISMISSING PETITION

Petitioner, *pro se*, is a federal prisoner at the Coleman Federal Correctional Complex within this district. Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), in which he challenges his conviction and sentence imposed in the Southern District of Alabama.[1] Respondent maintains the Petition should be dismissed because Petitioner cannot show that he is entitled to review of his claims under the savings clause of §2255. (Doc. 5).

### Discussion

Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court.[2] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because

---

[1] A federal jury found Petitioner guilty of conspiracy to possess cocaine and cocaine base with the intent to distribute them (count one), structuring financial transactions to avoid reporting requirements (count three) and money laundering (counts four and five). *See United States v. Starks*, 409 Fed. App'x 264, 265 (11th Cir. 2010)(unpublished decision affirming denial of re-sentencing pursuant to 18 U.S.C. § 3582(c)(2)).

[2] *See* Doc. 9, Ex. 1.

filing a motion under § 2255 would be barred as a successive petition. *See* 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Id. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to *Wofford*. To the extent Petitioner relies on *DiPierre v. United States*, 131 S. Ct. 2225 (2011)[3] and *United States v. O'Brien*, 130 S. Ct. 2169, 2178-80 (2010),[4] the Petition is due to be dismissed because these cases are not retroactively applicable, and the cases do not render Petitioner actually innocent of his offense.

## Conclusion

In light of these conclusions, which unmistakably govern the disposition of the Petition in this case, Petitioner is not entitled to habeas relief in this § 2241 proceeding. Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 1, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[3]In *DePierre*, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. §841(b)(1) refers to not just crack cocaine, but any cocaine in its chemically basic form.

[4]In *O'Brien*, the only statute at issue was 18 U.S.C. § 924(c), which relates to the criminal offense of using or carrying firearms during and in relation to a crime of violence or a drug trafficking crime. The Court held that the "machine gun provision" of that statute, which mandates a 30-year minimum sentence for the use of a machine gun in relation to the commission of the relevant crimes, constitutes an element of an offense, not a sentencing factor. *O'Brien*, 130 S. Ct. at 2180.